# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# ERIE DIVISION

| | |
|---|---|
| CYNTHIA CHUZIE-MCDOWELL, | Civil Action No. 1:23-cv-00097-SPB |
| Plaintiff, | |
| | *ELECTRONICALLY FILED* |
| v. | |
| TRI-STATE PAIN INSTITUTE, LLC, | Honorable Susan Paradise Baxter |
| Defendant. | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Tri-State Pain Institute, LLC, by and through its undersigned counsel, files the following Answer and Defenses to Plaintiff Cynthia Chuzie-McDowell's Complaint.

## PARTIES AND JURISDICTION

1. Defendant, based on information and belief, admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that it is a limited liability company operating under the laws of the Commonwealth of Pennsylvania and that it maintains a principal place of business at 5442 Peach Street, Erie, Pennsylvania, 16509. Defendant denies that it has 15 or more employees. Defendant further provides the attached declaration that it provided to the Equal Employment Opportunity Commission ("EEOC"). *See* Charlene Heisler Declaration, attached as Exhibit A.

3. The allegations in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in Paragraph 4 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in Paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff filed a Charge of Discrimination on or about August 2022 with the EEOC against Defendant and the Charge requested that it be "cross-filed with the Pennsylvania Human Relations Commission." Defendant admits that the EEOC issued a Notice of Right to Sue on or about January 18, 2023. To the extent further response is necessary, Defendant denies that Plaintiff has satisfied all conditions precedent.

## **FACTS**

7. Defendant admits that Plaintiff began working for Defendant on or about March 21, 2022 and started as part-time. Defendant denies the remain allegations in Paragraph 7 of the Complaint as stated.

8. Defendant denies most of the allegations in Paragraph 8 of the Complaint as stated.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint as stated.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint as stated.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff met with Charlene Heisler and Margaret "Peg" Adams, and Plaintiff discussed resigning. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 29 of the Complaint. To the extent that any response is necessary, these allegations are denied. Defendant further states that Plaintiff did submit her resignation.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits that Charlene Heisler informed Plaintiff that Dr. Thomas accepted her resignation effective July 6, 2022. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 32 of the Complaint. To the extent that any response is necessary, these allegations are denied.

33. The allegations in Paragraph 33 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

36. The allegations in Paragraph 36 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

37. The allegations in Paragraph 37 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

38. The allegations in Paragraph 38 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

**COUNT I – VIOLATION OF TITLE VII OF THE
CIVIL RIGHTS ACT OF 1964 AS AMENDED**

39. Defendant restates and incorporates its answer to Paragraph 1 through 38 as though set forth at length herein.

40. The allegations in Paragraph 40 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

41. The allegations in Paragraph 41 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following paragraph 41 of the complaint. Defendant requests that the Court dismiss the claim, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

### JURY TRIAL DEMAND

Defendant admits that Plaintiff has requested a jury trial but objects to a jury determining any issue not properly triable by a jury.

### COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

42. Defendant restates and incorporates its answers to Paragraphs 1 through 41 as though set forth at length herein.

43. The allegations in Paragraph 43 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

44. The allegations in Paragraph 44 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in his favor or to the relief requested in the WHEREFORE clause following Paragraph 44 of the Complaint.  Defendant

requests that the Court dismiss the claim, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff has requested a jury trial but objects to a jury determining any issue not properly triable by a jury.

\* \* \*

To the extent that any of Plaintiff's allegations in the Complaint have not been admitted or denied by Defendant, they are hereby denied.

## DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

## FIRST DEFENSE

For the purposes of preserving a defense, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

## FOURTH DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part,

by the doctrines of waiver, estoppel, unclean hands, and laches.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because any employment action taken by Defendant with respect to Plaintiff was for legitimate, nondiscriminatory business reasons.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory conduct, and because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff failed to mitigate her alleged damages.

**EIGHTH DEFENSE**

Plaintiff's claim for punitive damages is barred because Defendant took affirmative, good-faith measures to comply with the law.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff will not be able to establish a prima facie case, or otherwise prove the necessary elements, of harassment/hostile work environment.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff will not be able to establish a prima facie case, or otherwise prove the necessary

elements, of retaliation.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff will not be able to establish a prima facie case, or otherwise prove the necessary elements, of constructive discharge.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendant's alleged actions were not intentional, malicious, willful, or reckless.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because any adverse action was the result of Plaintiff's own conduct.

**FOURTEENTH DEFENSE**

Plaintiff's claims for damages are barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to Defendants by the United States and Pennsylvania Constitutions. Plaintiff's claims for damages are further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate federal and state interests.

**FIFTEENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

**SIXTEENTH DEFENSE**

Plaintiff claims under the Pennsylvania Human Relations Act are barred, in whole or in part, because they are premature and still within the one-year exclusive jurisdiction of the Pennsylvania Human Relations Commission.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, whole or in part, because Defendant was not an employer or joint employer within the meaning of Title VII and employs, and has at all relevant times employed, fewer than 15 employees.

**EIGHTEENTH DEFENSE**

Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

Dated: May 9, 2023                                                  Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Andrew F. Maunz*
Andrew F. Maunz, Esq.
PA ID No. 329674
Andrew.maunz@jacksonlewis.com
Kelly L. Mistick, Esq.
PA ID No. 315545
kelly.mistick@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, Pennsylvania 15222
(412) 232-0404 - Telephone
(412) 232-3441 – Fax

*Attorneys for Defendant*