IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CYNTHIA CHUZIE-MCDOWELL,<br>    Plaintiff<br><br>v.<br><br>TRI-STATE PAIN INSTITUTE, LLC,<br>    Defendant | No. 1:23-CV-00097-SPB<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   For the Plaintiff:

   Timothy McNair
   PA ID No. 34304
   McNair Law Offices, PLLC
   821 State Street
   Erie, PA 16501
   (814) 452-0700
   (814) 454-2371 (Fax)
   tmcnair@mcnairlaw.com

   For the Defendant:

   Andrew F. Maunz, Esq.
   PA ID No. 329674
   Andrew.maunz@jacksonlewis.com
   Kelly L. Mistick, Esq.
   PA ID No. 315545
   kelly.mistick@jacksonlewis.com
   1001 Liberty Avenue, Suite 1000
   Pittsburgh, Pennsylvania 15222
   (412) 232-0404 - Telephone
   (412) 232-3441 – Fax

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   This is a case under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. Plaintiff contends that she was subjected to a hostile and offensive work environment based on sex while she was employed by Defendant, that she was subjected to sexual harassment by employees of Defendant, that she utilized the available complaint resolution procedure to no avail, and that because there was no apparent prospect of resolving the complaint, she had no choice but to resign her employment, causing a loss of income. She claims to have suffered substantial mental anguish and other general damages as a result of her treatment.

   Defendant denies Plaintiff's allegations and contends that its treatment of Plaintiff was appropriate and that she suffered no damages and voluntarily resigned her employment rather than being constructively discharged. The employer also contends that it does not have the number of employees required in order to be covered by Title VII.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) conference was held on May 26, 2023. Timothy McNair participated on behalf of Plaintiff.  Andrew Maunz participated on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   The Rule 16 Conference is scheduled for Tuesday, July 28, 2023 at 11:00: AM

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   The parties, at this time, do not anticipate filing any dispositive motions pursuant to Fed. R. Civ. P. 12. Defendant has filed an answer and defenses to Plaintiff's complaint.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

> The parties have selected Mediation as the ADR process for this case, as further set forth in the parties' Stipulation Selecting ADR Process.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    None. The parties will exchange initial disclosures on or before June 21, 2023. No motions have been filed on this point.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    The parties will conduct fact discovery regarding:

    - The matters set forth in Plaintiff's Complaint and Defendant's Answer and Defenses;
    - The nature and extent of Defendant's policies regarding discrimination and harassment;
    - The number of employees employed by Defendant in the two calendar years prior to the events complained of;
    - The damages Plaintiff claims to have suffered.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    The parties elect to schedule a Post-Discovery Status Conference.

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** June 21, 2023.

    b. **Date by which any additional parties shall be joined:** August 7, 2023.

    c. **Date by which the pleadings shall be amended:** August 7, 2023.

    d.    **Date by which fact discovery should be completed:** October 26, 2023.

    e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    The parties do not believe that fact discovery should be conducted in phases or otherwise limited to particular issues.

    f.    **Date by which plaintiff's expert reports should be filed:** N/A

    g.    **Date by which depositions of plaintiff's expert(s) should be completed:** N/A

    h.    **Date by which defendant's expert reports should be filed:** N/A

    i.    **Date by which depositions of defendant's expert(s) should be completed:** N/A

    j.    **Date by which third party expert's reports should be filed:** N/A

    k.    **Date by which depositions of third party's expert(s) should be completed:** N/A

**10.**    **If the parties agree that changes should be made to the limitations on discovery imposed by the Local Rules or the Federal Rules of Civil Procedure or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties do not propose any change to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule.

**11.**    **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a.    **ESI.** Is either party seeking the discovery of ESI in this case?

      _X_ Yes   ___ No

    b.    **ESI Discovery Plan:** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2 C-CHECKLIST" to the Local Rules and:

      _X_ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by October 10, 2023.

      ____ Have developed an ESI discovery plan (as attached).

      ____ Will have an ESI discovery plan completed by _____.

  c.  **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

    _X_ Yes  ___ No

  d.  **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

    ___ Yes  _X_ No

  e.  **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and **LCvR 16.1D**, Procedures Following Inadvertent Disclosure, and:

    _X_ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

    ___ Have agreed on alternative non-waiver language, which either is or will be incorporated within the ESI discovery plan.

    ___ Are unable to agree on appropriate non-waiver language.

  f.  **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?

    ___ Yes  _X_ No

  g.  **Other.** Identify all outstanding disputes concerning any ESI issues.

    The parties do not have any outstanding disputes concerning ESI.

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

  a.  Settlement and/or transfer to an ADR procedure;

  b.  Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

  c.  Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

  d. **Dates by which parties' pre-trial statements should be filed;**

  e. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

  f. **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

  g. **Dates proposed for final pre-trial conference;**

  h. **Presumptive and final trial dates.**

The parties have elected to schedule the Post-Discovery Status Conference following Fact Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties may wish to enter into a stipulated protective order in the event that documents or information produced in discovery contain confidential and proprietary business information and/or personal information related to nonparties. If the parties determine that a protective order is necessary, they agree to work cooperatively to submit any such order to the Court in a timely manner to avoid any delay in these proceedings.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role**:

The parties do not anticipate that the Court may have to appoint a special master to deal with any matter.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:

The parties have not failed to agree regarding any subject for which a report is required.

**16.    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration**:

During the EEOC phase, Plaintiff provided a settlement demand. The parties have not engaged in serious settlement discussions since then, but both are willing to discuss trying to reach a resolution of this case, including in mediation.

Dated: June 7, 2023

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| MCNAIR LAW OFFICES, PLLC | JACKSON LEWIS P.C. |
| BY: /s/ *Timothy D. McNair* <br> Timothy McNair, Esq. <br> tmcnair@mcnairlaw.com <br> 821 State Street <br> Erie, PA 16501 <br> 814-452-0700 <br> 814-454-2371 (Fax) <br> *Attorney for Plaintiff* | /s/ *Andrew F. Maunz* <br> Andrew F. Maunz, Esq. <br> PA ID No. 329674 <br> Andrew.maunz@jacksonlewis.com <br> Kelly L. Mistick, Esq. <br> PA ID No. 315545 <br> kelly.mistick@jacksonlewis.com <br> 1001 Liberty Avenue, Suite 1000 <br> Pittsburgh, Pennsylvania 15222 <br> (412) 232-0404 - Telephone <br> (412) 232-3441 – Fax <br> *Attorneys for Defendant* |